865 F.2d 261
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lawrence TITCHELL, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-3285.
 United States Court of Appeals, Sixth Circuit.
 Dec. 14, 1988.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES, and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Titchell appeals the district court's decision to affirm the final decision of the Secretary of Health and Human Services finding that substantial evidence supported the Secretary's decision to deny Titchell's claim for a period of disability and disability insurance benefits pursuant to Secs. 216(i) and 223 of the Act, 42 U.S.C. Secs. 416(i) and 423. We affirm.
 
 
 2
 Titchell was born November 7, 1938, and is currently 50 years of age. He is considered to be a "younger" individual. He is a high school graduate who has not worked since 1973 when he last worked as a lumber salesman and sustained a left lateral tibial plateau fracture in a work related accident. Titchell filed his current application for a period of disability and disability insurance benefits on June 10, 1985 alleging disability due to osteoporosis of the entire body caused by a pituitary tumor or aggravation of earlier fractures of the left femur, with an onset date of March 2, 1975. A prior application had been filed on December 11, 1973. Titchell had been found entitled to a period of disability and disability insurance benefits commencing June 14, 1973 and ending with the close of February 1975, after his disability ceased on December 1, 1974.
 
 
 3
 This court determines only whether the decision of the Secretary is supported by substantial evidence and whether correct legal standards were applied in reaching the decision. 42 U.S.C. Sec. 405(g); Garner v. Heckler, 745 F.2d 383 (6th Cir.1984). Titchell argues that the decision of the Secretary was not based on substantial evidence. We disagree and find that the decision of the administrative law judge is supported by substantial evidence and that the administrative law judge applied the correct legal standards.
 
 
 4
 The administrative law judge stated that the evidence of record failed to establish that Titchell was under disability at any time after December 1, 1974 when his prior disability was found to have ceased. Titchell was injured in 1973 when he fell and suffered a fracture of the lateral plateau of the right knee. He was treated surgically and although he had a slow recovery period, he did recover substantially from the injury with only a small amount of depression of the plateau and some decreased flexion in the left knee. The administrative law judge found that Titchell could ambulate and was ambulating without any aids and the record does not support the existence of any limitation of his ability to sit, stand, walk or lift and carry light weights. Titchell had the functional capacity to engage in a full range of light work on a sustained basis throughout the critical period running from March 2, 1975, the alleged onset date, through March 30, 1980, the date Titchell last had insured status.
 
 
 5
 Titchell argues that he was disabled during the period 1975 to 1980 and that his disability, osteoporosis caused by a pituitary tumor was not diagnosed until 1982. Therefore, he should not be disqualified if due to the state of medical technology during the benefits period requested it was not possible to diagnose his condition. The administrative law judge, however, stated that even though it was unclear as to when the osteoporosis began or when the pituitary tumor began, the question was whether that particular condition, even if undiagnosed, had prevented Titchell from performing light work during the insured status benefit period. The administrative law judge stated that it was not until 1981 when the claimant fell and reinjured his leg and suffered a supracondylar fracture of the right femur, that his orthopedic condition significantly deteriorated. The February 1981 injury, however, was approximately 10 months after the date Titchell last had insured status.
 
 
 6
 The administrative law judge stated that the evidence did not establish that the osteoporosis or the pituitary tumor, which Titchell claims enhanced his osteoporosis, imposed limitations on Titchell's capacity to perform light work prior to March 30, 1980 or prior to his February 1981 injury. The administrative law judge noted that one of Titchell's own doctors, Robert D. Zaas, who treated Titchell since June of 1973 concluded in September 1981 that Titchell had been disabled since February 1, 1981 due to the distal femoral fracture that he suffered in 1981. Titchell's functional capacity, therefore, did not significantly change until he refractured his left leg on February 1, 1981. Prior to his February 1, 1981 reinjury Titchell's osteoporosis and pituitary tumor, even if they had existed in 1973, did not further reduce his functional capacity beyond the light level.
 
 
 7
 The administrative law judge concluded that because Titchell had the residual functional capacity to engage in light work on the date he last had insured status and there was no period of at least 12 continuous months, any part of which occurred on or prior to that date when he was unable to engage in at least light work, a finding of "not disabled" was directed by Rule 202.21 of Table No. 2, Appendix 2, Subpart P, Regulation Number 4.
 
 
 8
 We find the decision of the administrative law judge to be supported by substantial evidence and affirm the finding of the administrative law judge that Titchell was not entitled to a period of disability or disability insured benefits under Secs. 215(i) and 223, of the Social Security Act.